IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS L. WALKER, ALVESTER GROSS,
HUNG NAM TRAN, ERIC FANKHAUSER,
JOSHUA ROGERS, BRANDEN SUSTMAN,
ERIC HENDRICKSON, FREDICK LEE PHARM,
THOMAS MILLER, CAROLOS AMBLE,
BRIAN KURUZOVICH, DANIE JORGENSON,
ERVIN BURRIS, SR, JOHNATHAN MILLER,
PETER YOGERST, DANIEL ARENDS,
their families, friends and all other persons similarly situated,

                                                         OPINION AND ORDER

                     Plaintiffs,

                                                    3:07-cv-00675-bbc

     v.

WISCONSIN STATE LEGISLATIVE COUNCIL;
JAMES DOYLE, Governor;
KEVIN R. HAYDEN, DHFS Secretary;
JOHN VOELKER, Director of State Courts;
STEVE WATTERS, SRSTC Director;
BRYAN BARTOW, WRC Director;
WENDY NORBERG, SRSTC Deputy Director;
LLOYD SINCLAIR, SRSTC Treatment Director;
WRC and SRSTC INST. REVIEW BOARDS,
JOHN and JANE DOE, their successors, predecessors,
and all other persons, officers, agents, servants,
contractors, employees or agencies who have and/or
are aiding, abetting, assisting, acting in concert, cooperating
or conspiring with them,

                                  Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs are a group of patients who have been civilly committed as "sexually violent persons" under Wisconsin Statutes Chapter 980. In their complaint, they challenge the legitimacy of various statutory provisions as well as numerous policies and practices of the facilities at which they are confined.

Plaintiffs filed their complaint in the Eastern District of Wisconsin and paid the $350 filing fee. (Because plaintiffs are patients and not prisoners, the Prison Litigation Reform Act does not apply to them, West v. Macht, 986 F. Supp. 1141, 1143 (W.D. Wis. 1997), which means that plaintiffs were required to pay only one filing fee for the case, rather than one filing fee for each plaintiff. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004).) Accompanying plaintiffs' complaint was a motion for a preliminary injunction, a motion for class certification and a motion for appointment of counsel. The court in the Eastern District did not rule on these motions but instead transferred the case on its own motion to this court because most of the plaintiffs are confined in the Western District of Wisconsin. 28 U.S.C. § 1404. But see Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740 (7th Cir. 2007) (noting that improper venue is waivable and ordinarily should not be raised sua sponte).

Before I may consider any of plaintiffs' motions, there is a preliminary issue I must address. Plaintiffs' complaint is ridiculously long: it is a 74-page, 400-paragraph monster,

2

including allegations that have nothing in common except that they relate to plaintiffs' conditions of confinement. Cf. In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation, 491 F.3d 638 (7th Cir. 2007) (characterizing 40-page, 221 paragraph complaint as a "hideous sprawling mess").

Plaintiffs' complaint violates a number of Federal Rules of Civil Procedure, the first of which is Rule 8. Under that rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' complaint is neither short nor plain and it fails to give defendants the notice to which they are entitled.

The complaint contains both too much and too little information. It contains too much information in that it consists primarily of a litany of legal arguments and citations. This information is unnecessary: plaintiffs are not required to plead the law in their complaint. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). It is especially unhelpful in this case because the complaint contains little actual legal argument; rather, it is mostly legal phrases strewn together in a way that is virtually incomprehensible. E.g., Cpt. ¶62 ("Furthermore 980.14 was ex post facto amended to Ch. 980 to give immunity to department of corrections, department of health and family services, the department of justice or any district attorneys' enforcement of any unconstitutional or arbitrary acts under chapter 980."); id. at ¶115 ("Regarding the denial

3

of least restrictive treatment and conditions and individual determinations being made regarding the denial or limitation of plaintiffs' rights, the Secretary of the DHFS and Directors of their respective facilities deny plaintiffs due process of law and do not follow their own rules established for the effectuation of plaintiffs' rights and non-arbitrary interference with their liberties.")

In addition, the complaint contains much needless repetition, replacing quality with quantity. From paragraphs 53 to 162, plaintiffs set forth sixteen "causes of action" and then for reasons unknown repeat much of the same information accompanied by more confusing argument in paragraphs 163 to 340 in a section called "claims for relief." It would be almost impossible for defendants to respond to these "allegations."

Plaintiffs' complaint contains too *little* information because they have not pleaded enough facts to give defendants notice of their claims. With respect to almost all of their claims, plaintiffs fail to identify the conduct that violates their constitutional rights. Instead, they simply assert conclusions of law with no factual basis. For example, with respect to plaintiffs' "claim for relief" entitled "separation of powers, Ex post facto and Double Jeopardy" plaintiffs allege that "Defendants Wisconsin Legislative Council, Kevin Hayden, Bryan Bartow and Steve Watters denied due process to plaintiffs (as a class or group) as provided under 51.61(2) HFS 94.05(1), (2), (3), (4) and (5), and none of the process provided under these sections were followed with regard to the outright denial of the denial

4

of placement under the least restrictive condtions." Cpt. ¶169. This allegation identifies the right plaintiffs believe defendants violated (something they did not have to plead), but it fails to identify what conduct of defendants actually violated plaintiffs' rights.

It is particularly puzzling why plaintiffs chose to sue the Wisconsin State Legislative Council and the Director of State Courts. To the extent plaintiffs believe the Legislative Council may be held liable for its role in enacting laws they do not like, they are wrong: legislative bodies cannot be sued for acting in a legislative capacity. Bogan v. Scott-Harris, 523 U.S. 44 (1998). In any event, plaintiffs failed to include any factual allegations about either of these defendants suggesting that they violated plaintiffs' rights.

Similarly, plaintiffs do not identify what happened to them to make them believe their rights have been violated. In the few instances in which they do identify their conduct, they refer to "plaintiffs" in the aggregate, even when it is clear that certain allegations do not apply to all of them. For example, plaintiffs say that some claims apply to the "homosexual plaintiffs" only, without identifying who those individuals are. Even more problematic, with respect to some claims, plaintiffs fail to allege how any one of them has been injured at all.

Because plaintiffs' complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiffs are free to file an amended complaint that fixes these problems, but if they decide to do so, they should keep a few things in mind.

First, plaintiffs should draft the complaint not as if they were writing a legal brief but

5

as if they were telling a story to people who know nothing about their situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiffs' claims?
- What did each defendant do that makes them liable for violating plaintiffs' rights?
- How was each plaintiff injured by a particular defendant's conduct?

Second, in deciding which claims should be included in the complaint, plaintiffs should be aware of the limitations of Fed. R. Civ. P. 20. As the court of appeals held recently in George v. Smith, – F.3d – , No. 07-1325, 2007 WL 3307028, *2 (7th Cir. Nov. 9, 2007), plaintiffs may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. For example, a claim against the governor that certain statutory provisions are unconstitutional does not belong in the same lawsuit as a claim against facility administrators for limiting plaintiffs' telephone usage or prohibiting physical contact between patients. If plaintiffs wish to challenge unrelated matters against different defendants, they will have to file separate lawsuits.

Third, plaintiffs should be aware of the doctrines of standing and ripeness, which place limitations on litigants' ability to file lawsuits challenging conduct they believe is unlawful. These doctrines require plaintiffs to show that a law, policy or practice actually

6

has been applied to them in a way that harms them.  Massachusetts v. EPA, 127 S. Ct. 1438, 1453 (2007).  For example, plaintiffs include allegations about a use of force policy but no allegations that any of them has been the subject of a use of force under that policy.  Similarly, plaintiffs appear to be challenging a statutory provision governing petitions for discharge, but they include no allegations that any of them has filed a petition for discharge.  If a particular law or policy has not been applied to plaintiffs, they may not challenge that law or policy in an action in federal court.  Further, unless the law or policy affects *each* of the plaintiffs, they may not assert that claim in one lawsuit under Fed. R. Civ. P. 20.

Fourth, plaintiffs should bear in mind that any amended complaint should be both "short" and "plain."  Plaintiffs should not interpret this order as an invitation to make their complaint even longer than it is now.  They should take care to limit their allegations to facts that give notice of their claims to defendants.

Fifth, no pro se party may be a plaintiff in this case unless he signs the complaint himself.  Several of the plaintiffs named in the caption of the complaint did not sign it.  If plaintiffs choose to amend their complaint, each plaintiff must sign it or he will be dismissed from the case.

In closing, I remind plaintiffs that *each* of them is equally responsible for the prosecution of this lawsuit.  Some of the plaintiffs have given themselves particular titles such as "chief litigant" and "assistant litigant."  These titles have no legal effect.  No one

plaintiff may speak for another.  Any document that purports to state the position of all plaintiffs must be *signed* by all plaintiffs.  "Signing" requires more than just writing one's name.  Under Fed. R. Civ. P. 11(b), when a party submits something to the court, he is certifying that the document "is not being presented for any improper purpose," that all factual allegations have evidentiary support or are likely to have support "after a reasonable opportunity for further investigation" and all legal contentions "are warranted by existing law or by a nonfrivolous argument" for extending current law.  Any party who violates this rule may be subject to sanctions, including monetary sanctions.

ORDER

IT IS ORDERED that

1.  Plaintiffs' complaint is DISMISSED for their failure to comply with Fed. Civ. R. P. 8.  Plaintiffs may have until January 2, 2008, in which to file an amended complaint.  If plaintiffs fail to file an amended complaint by that date, I will dismiss the case for plaintiffs' failure to prosecute.

2.  Plaintiffs' motions for a preliminary injunction, for appointment of counsel and for class certification are DENIED.  If plaintiffs choose to file an amended complaint, they will have to file new motions.  I have attached to this order the court's procedures for filing

8

a motion for preliminary injunction.

    Entered this 12th day of December, 2007.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge