IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS L. WALKER, ERIC HENDRICKSON,
DANIEL ARENDS, FREDICK LEE PHARM,
SHERMELL TABOR, EDWIN JONES,
BRANDEN SUSTMAN and JOSHUA ROGERS,

                                                        OPINION AND ORDER

                 Plaintiffs,

                                                        3:07-cv-00675-bbc

     v.

STATE OF WISCONSIN,
KEVIN R. HAYDEN, DHFS Secretary;
JOHN VOELKER, Director of State Courts;
STEVE WATTERS, SRSTC Director;
BRYAN BARTOW, WRC Director;
STEVE SCHNEIDER, SRSTC Security Director;
MARIO CANZIANI, WRC Security Director;
WRC and SRSTC INST. REVIEW BOARDS,
JOHN and JANE DOE, their successors, predecessors,
and all other persons, officers, agents, servants,
contractors, employees or agencies who have and/or
are aiding, abetting, assisting, acting in concert, cooperating
or conspiring with them,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs are a group of patients who have been civilly committed as "sexually violent

persons" under Wisconsin Statutes Chapter 980. Currently, all are housed at the Sand Ridge

1

Secure Treatment Center in Mauston, Wisconsin. In the past each has been held at the Wisconsin Resource Center in Winnebego, Wisconsin. In this lawsuit, plaintiffs are challenging various conditions of their confinement at both facilities. They seek just as many forms of relief, including $100,000,000 in compensatory damages and $250,000,000 million in punitive damages.

In an order dated December 12, 2007, I dismissed plaintiffs' 74-page single-spaced complaint because it failed to comply with Fed. R. Civ. P. 8. Although the complaint was overflowing with repetitive and confusing legal conclusions, it did not include the facts necessary to give defendants notice of their claims.

Now plaintiffs have filed a 37-page amended complaint in an attempt to correct the deficiencies of the first one, dropping some parties and claims while adding new ones. Although the new complaint is still heavy on the law and light on the facts, I conclude that it provides the bare minimum of notice necessary to satisfy Rule 8.

This does not mean that plaintiffs are in the clear. Although the amended complaint may squeak by under Rule 8, it still violates Rule 20, a problem noted in the December 12 order that plaintiffs have not fixed. Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all

2

defendants."  Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).  If the requirements for joinder of parties have been satisfied under Rule 20, only then may Fed. R. Civ. P. 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure § 1655, at 280 (1972)).

As I read plaintiffs' amended complaint, they are raising the following claims with respect to their current conditions of confinement at the Sand Ridge facility:

#1 Defendants Kevin Hayden, John Voelker and Steven Watters are holding plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

#2 defendants Hayden, Watters and the SRSTC Review Board have a policy of forcing plaintiffs to give up treatment in exchange for improved conditions, in violation of due process and state law;

3

#3 defendants Hayden and Watters have a policy of denying plaintiffs the ability to "progress" the treatment programs, in violation of due process and state law;

#4 defendants Hayden and Watters have a policy of inspecting and censoring plaintiffs' mail, in violation of due process, the right to privacy and state law;

#5 defendants Hayden and Watters have a policy of monitoring and censoring plaintiffs' telephone calls, in violation of due process and the right to privacy and state law;

#6 defendants Hayden, Watters and Steve Schneider have a policy of conducting random searches of plaintiffs' person, rooms and property, in violation of due process, the right to privacy and state law;

#7 defendants Hayden and Watters force plaintiffs to work, in violation of due process and state law;

#8 defendants Hayden and Watters have a policy that unduly restricts plaintiffs' visitation with friends and family, in violation of due process and state law;

#9 defendant Donna Hendrich removed plaintiff Walker's family from his visiting list because family members would not fill out forms, in violation of due process and state law;

#10 defendants Hayden and Watters deny plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

#11 defendants Hayden, Watters and Schneider have a policy of charging excessive

4

rates for telephone calls, in violation of equal protection, due process and state law;

#12 defendant Watters has a policy of punishing plaintiffs for exhibiting symptoms of their mental illness, in violation of due process, equal protection and state law;

#13 defendants Hayden and Watters authorized a use of excessive force against plaintiff Hendrickson;

#14 defendant Watters has a policy of subjecting plaintiffs to restraints and isolation without process, in violation of due process, equal protection and state law,

#15 defendant Hayden forces plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law;

#16 defendants Hayden and Watters force plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law.

Plaintiffs' claims regarding their conditions while held at the Wisconsin Resource Center are nearly the same in substance, but substituting different defendants:

#17 Defendants Kevin Hayden, John Voelker and Bryan Bartow held plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

#18 defendants Hayden, Bartow and the WRC Review Board forced plaintiffs to give up treatment in exchange for improved conditions, in violation of due process and state law;

#19 defendants Hayden and Bartow denied plaintiffs the ability to "progress" the

5

treatment programs, in violation of due process and state law;

#20 defendants Hayden and Bartow inspected and censored plaintiffs' mail, in violation of due process, the right to privacy and state law;

#21 defendants Hayden and Bartow monitored and censored plaintiffs' telephone calls, in violation of due process and the right to privacy and state law;

#22 defendants Hayden, Bartow and Mario Canziani conducted random searches of plaintiffs' person, rooms and property, in violation of due process, the right to privacy and state law;

#23 defendants Hayden and Bartow forced plaintiffs to work, in violation of due process and state law;

#24 defendants Hayden and Bartow unduly restricted plaintiffs' visitation with friends and family, in violation of due process and state law;

#25 defendants Hayden and Bartow denied plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

#26 defendants Hayden, Bartow and Canziani charged excessive rates for telephone calls, in violation of equal protection, due process and state law;

#27 defendant Bartow punished plaintiffs for exhibiting symptoms of their mental illness, in violation of due process, equal protection and state law;

#28 defendant Bartow subjected plaintiffs to restraints and isolation without process,

in violation of due process, equal protection and state law,

#29 defendant Hayden forced plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law;

#30 defendants Hayden and Bartow forced plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law.

#31 defendants Hayden and Bartow authorized a use of excessive force against plaintiff Walker.

(Plaintiffs say in their complaint that they are suing the state of Wisconsin under Wis. Stat. § 51.61(7), which authorizes suits against the state for violating certain patients' rights.  However, because they do not include any allegations about conduct that may be attributed to the state, I must dismiss the complaint as to that defendant.)

As this enumeration shows, plaintiffs are challenging almost every aspect of their confinement.  But plaintiffs may not assert of all these claims in one suit simply because all of their claims involve dissatisfaction with their current and former conditions.  George v. Smith, 507 F.3d 605 (7th Cir. 2007).  Rather, under Rule 20, claims against different defendants may be joined in one suit only if they involve the same transaction or series of transactions, a standard that plaintiffs do not meet.  For example, the facts plaintiffs would use to show they were being forced to wear prison clothes at the Sand Ridge facility would be completely different from the facts showing whether their mail was being censored at the

7

Wisconsin Resource Center. Therefore, plaintiffs may join claims under Rule 18 only to the extent that they involve the same parties. This leaves plaintiffs with a difficult choice.

One choice is to pursue every one of their claims against every one of the defendants they have named in their complaint. If plaintiffs choose this option, the case will have to be broken into nine separate lawsuits as set forth below in Option A.

A second choice is to drop some of the defendants but still proceed on all of their claims. If plaintiffs choose this option, their lawsuits may be divided as suggested below in Options B or C.

A third choice is for plaintiffs to drop various claims, and a fourth choice is for plaintiffs to drop claims and defendants. It is impossible in light of the number of claims and defendants plaintiffs have set out to specify all the possible combinations of lawsuits that might be allowed under the rules. If plaintiffs wish to construct alternative options of their own, they are free to do so. However, they must bear in mind that Rule 20 forbids them from suing in a single lawsuit defendants who are common to some or all of their claims, and then adding in different defendants here and there on some of those claims, as they have done in their present complaint. There must be at least one claim that relates to every single defendant named in the lawsuit. So, for example, if plaintiffs' entire complaint had in it only two unrelated claims, and in the first claim they named as defendants Kevin Hayden, Steven Watters and John Voelker and in the second claim they named as

8

defendants Kevin Hayden, Steven Watters and the SRSTC Review Board, these claims could not be heard together in the same lawsuit because John Voelker has nothing to do with claim 2 and the SRSTC Review Board has nothing to do with claim 1. However, if plaintiffs dropped John Voelker and the SRSTC Review Board as defendants, they could sue defendants Hayden and Watters for both claims in a single lawsuit. For the present, however, I will set out in detail the tentative options discussed above.

- Option A. (This option retains all defendants and all claims.) In what I will call Lawsuit #A-1, plaintiffs may sue defendants Hayden and Watters on claims 3-5, 7-8, 10, 12-16; they may sue defendants Hayden, Watters and Voelker on claim 1 in what I will call Lawsuit #A-2; they may sue defendants Hayden, Watters and SRSTC Review Boards on claim 2 in what I will call Lawsuit #A-3; they may sue defendants Hayden, Watters and Schneider on claims 6 and 11 in what I will call Lawsuit #A-4; they may sue defendant Donna Hendrich on claim 9 in what I will call Lawsuit #A-5; they may sue defendants Hayden, Voelker and Bartow on claim 17 in what I will call Lawsuit #A-6; they may sue defendants Hayden, Bartow and WRC Review Board on claim #18 in what I will call Lawsuit #A-7; they may sue defendants Hayden and Bartow on claims 19-21, 23-25, and 27-31 in what I will call Lawsuit #A-8; and they may sue defendants Hayden, Bartow and Canziani on claims 22 and 26 in what I will call Lawsuit #A-9.

9

- Option B. (This option drops defendants.) In what I will call Lawsuit #B-1, plaintiffs may sue defendant Bartow on claims 17-28 and 30-31; they may litigate claims 1-8, 10-16 and 29 against defendants Hayden and Watters in what I will call Lawsuit #B-2; and they may litigate claim #9 against defendant Donna Hendrich in what I will call Lawsuit #B-3.

- Option C. In what I will call Lawsuit #C-1, plaintiffs may sue defendants Hayden and Bartow on claims 15, 17-31; they may litigate claims 1-8, 10-14 and 16 against defendants Hayden and Watters in what I will call Lawsuit #C-2; and they may litigate claim #9 against defendant Donna Hendrich in what I will call Lawsuit #C-3.

Plaintiffs may have until January 17, 2008, in which to inform the court which option they will choose in proceeding with this lawsuit. They may choose any one of the lawsuits identified above as the lawsuit that will proceed under the number assigned to this case, or they may construct a new lawsuit that complies with Rule 20. If plaintiffs wish to proceed with more than one of the lawsuits identified above or a new lawsuit that complies with Rule 20, they will have to pay an additional $350 filing fee for *each* new lawsuit.

Thus, plaintiffs' response to the court must answer two questions: (1) In proceeding with the current lawsuit, do plaintiffs wish to choose to proceed with one of the lawsuits

10

identified in Option A, B or C or have plaintiffs prepared a new complaint that complies with Rules 20 and 18? (If they choose to file a lawsuit from the court's options A, B, or C, they must identify the particular lawsuit by the letter and number I have assigned it); and (2) do they wish to maintain separate lawsuits with respect to any other claims and, if so, which ones? (Again, plaintiffs must identify by the letter and number assigned above any additional lawsuits they wish to pursue.) If plaintiffs wish to maintain additional lawsuits, they must submit with their response an additional $350 filing fee for each new lawsuit chosen. (Plaintiffs should be aware as well that they will be required to bear the costs of copying their complaint and serving it on each defendant.)

Plaintiffs are reminded that any document that is filed on behalf of all plaintiffs must be signed by all plaintiffs. Any document that speaks for only some of the plaintiffs must be accompanied by a certificate of service showing that the document has been served on the remaining plaintiffs. If plaintiffs fail to comply with these requirements, the court will be unable to consider the non-complying documents.

ORDER

IT IS ORDERED that

1. The complaint is DISMISSED as to defendant state of Wisconsin.

2. Plaintiffs may have until January 17, 2008, in which to inform the court how they

11

wish to proceed with this lawsuit as discussed in this opinion and to submit a $350 filing fee for each new lawsuit they wish to maintain. If plaintiffs fail to respond by January 17, 2008, I will dismiss the suit for failure to prosecute.

Entered this 3d day of January, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge