IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS L. WALKER, ERIC HENDRICKSON,
DANIEL ARENDS, FREDICK LEE PHARM,
SHERMELL TABOR, EDWIN JONES,
BRANDEN SUSTMAN and JOSHUA ROGERS,

                                                        ORDER

              Plaintiffs,

                                             3:07-cv-00675-bbc

      v.

KEVIN R. HAYDEN, DHFS Secretary;
JOHN VOELKER, Director of State Courts;
STEVE WATTERS, SRSTC Director;
BRYAN BARTOW, WRC Director;
STEVE SCHNEIDER, SRSTC Security Director;
MARIO CANZIANI, WRC Security Director;
WRC and SRSTC INST. REVIEW BOARDS,
JOHN and JANE DOE, their successors, predecessors,
and all other persons, officers, agents, servants,
contractors, employees or agencies who have and/or
are aiding, abetting, assisting, acting in concert, cooperating
or conspiring with them,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs, a group of patients who have been civilly committed as "sexually violent persons" under Wisconsin Statutes Chapter 980, have responded to this court's order of

1

January 3, 2008, requiring them to conform their complaint to Fed. R. Civ. P. 20 and 18. In particular, plaintiffs say that they want to proceed in this case with the eleven claims against defendants Hayden and Watters that I identified in the January 3 order as Lawsuit #A-1. In addition, they wish to dismiss voluntarily defendants Voelker and SRSTC Review Boards from the lawsuit and proceed on two additional claims against defendants Hayden and Watters that I identified in the January 3 order as Lawsuits ##A-2 and A-3. Plaintiffs' request will be granted. To make it absolutely clear, plaintiffs' complaint in this action will be limited to a total of thirteen claims against defendants Hayden and Watters arising out of their confinement at the Sand Ridge Secure Treatment Center as follows:

    1) defendants Kevin Hayden and Steven Watters are holding plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

    2) defendants Hayden and Watters have a policy of forcing plaintiffs to waive their right to refuse treatment in exchange for improved conditions, in violation of due process and state law;

    3) defendants Hayden and Watters have a policy of denying plaintiffs the ability to "progress" through the treatment programs, in violation of due process and state law[1];

---

[1] In their response to this court's January 3 order, plaintiffs attempt to explain what they mean by this claim. In particular, they say

4) defendants Hayden and Watters have a policy of inspecting and censoring plaintiffs' mail, in violation of due process, the right to privacy and state law;

5) defendants Hayden and Watters have a policy of monitoring and censoring plaintiffs' telephone calls, in violation of due process and the right to privacy and state law;

6) defendants Hayden and Watters force plaintiffs to work, in violation of due process and state law;

7) defendants Hayden and Watters have a policy that unduly restricts plaintiffs' visitation with friends and family, in violation of due process and state law;

8) defendants Hayden and Watters deny plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

9) defendant Watters has a policy of punishing plaintiffs for exhibiting symptoms of

---

The ability to progress the treatment *programs* are not being challenged. What *is* being challenged is 1) that we are not provided treatment by which actual progress can be measured in lowering any purported dangerousness; 2) that we are not provided adequate treatment; and 3) that we are being denied the opportunity to change the dynamic (changeable) factors which have been purportedly associated with our risk for re-offense upon release. These factors are one of the elements used by the defendants to justify our continued commitment and confinement. . . ." (Emphasis in original)

Unfortunately, plaintiff's three-part explanation does nothing to clarify their claim. Even if it had, it is up to defendants to answer the allegations of plaintiffs' complaint as they have drafted it. If defendants are unable to understand any one of plaintiffs' claims, they are free to move for a more definite statement.

3

their mental illness and ordinary human behavior, in violation of due process, equal protection and state law;

10) defendants Hayden and Watters authorized a use of excessive force against plaintiff Hendrickson;

11) defendant Watters has a policy of subjecting plaintiffs to restraints and isolation without process, in violation of due process, equal protection and state law,

12) defendant Hayden forces plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law; and

13) defendants Hayden and Watters force plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law.

Plaintiffs state also that each of them with the exception of plaintiff Eric Hendrickson would like to prosecute in a separate lawsuit the claims I identified in the January 3 order as Lawsuit #C-1. This lawsuit would include the following claims that arose while plaintiffs were confined at the Wisconsin Resource Center:

1) defendants Kevin Hayden and Bryan Bartow held plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

2) defendants Hayden and Bartow forced plaintiffs to waive their right to refuse treatment in exchange for improved conditions, in violation of due process and state law;

4

3) defendants Hayden and Bartow denied plaintiffs the ability to "progress" through the treatment programs, in violation of due process and state law;

4) defendants Hayden and Bartow inspected and censored plaintiffs' mail, in violation of due process, the right to privacy and state law;

5) defendants Hayden and Bartow monitored and censored plaintiffs' telephone calls, in violation of due process and the right to privacy and state law;

6) defendants Hayden and Bartow conducted random searches of plaintiffs' person, rooms and property, in violation of due process, the right to privacy and state law;

7) defendants Hayden and Bartow forced plaintiffs to work, in violation of due process and state law;

8) defendants Hayden and Bartow unduly restricted plaintiffs' visitation with friends and family, in violation of due process and state law;

9) defendants Hayden and Bartow denied plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

10) defendants Hayden and Bartow charged excessive rates for telephone calls, in violation of equal protection, due process and state law;

11) defendant Bartow punished plaintiffs for exhibiting symptoms of their mental illness, in violation of due process, equal protection and state law;

12) defendant Bartow subjected plaintiffs to restraints and isolation without process,

5

in violation of due process, equal protection and state law;

13) defendants Hayden and Bartow forced plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law;

14) defendant Hayden forced plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law; and

15) defendants Hayden and Bartow authorized a use of excessive force against plaintiff Walker.

As to the second lawsuit, plaintiffs note that they do not have the money to pay a second filing fee. Therefore, they ask that the court send them forms for filing affidavits of indigency.

If plaintiffs wish to proceed in forma pauperis with their second lawsuit, each of them will have to submit a resident trust fund account statement for the six month period beginning approximately July 1, 2007 and ending approximately January 1, 2008. From those statements, the court will determine whether plaintiffs qualify for indigent status under 28 U.S.C. § 1915. Plaintiff should be aware that even if they qualify financially to proceed in forma pauperis with their second lawsuit, the court will be required to screen the claims raised in the second lawsuit pursuant to § 1915(e)(2), and deny them leave to proceed on any claim that the court determines is legally meritless.

Plaintiffs are reminded that any document that is filed on behalf of all plaintiffs must

6

be signed by all plaintiffs.  Any document that speaks for only some of the plaintiffs must be accompanied by a certificate of service showing that the document has been served on the remaining plaintiffs.  If plaintiffs fail to comply with these requirements, the court will be unable to consider the non-complying documents.

ORDER

IT IS ORDERED that

1.  Plaintiffs' complaint in this case is DISMISSED as to defendants John Voelker, Byran Bartow, Steve Schneider, Mario Canziani, Donna Hendrich, WRC and SRSTC Inst. Review Boards, John and Jane Doe, Their Successors, Predecessors, and All Other Persons, Officers, Agents, Servants, Contractors, Employees or Agencies who have and/or are Aiding, Abetting, Assisting, Acting in Active Concert, Cooperating or Conspiring with Them.

2.  The only claims that will be considered in the context of this lawsuit are plaintiffs' claims arising out of their detention at the Sand Ridge Secure Treatment Facility as follows:

a) defendants Kevin Hayden and Steven Watters are holding plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

b) defendants Hayden and Watters have a policy of forcing plaintiffs to waive their right to refuse treatment in exchange for improved conditions, in violation of due

7

process and state law;

c) defendants Hayden and Watters have a policy of denying plaintiffs the ability to "progress" through the treatment programs, in violation of due process and state law;

d) defendants Hayden and Watters have a policy of inspecting and censoring plaintiffs' mail, in violation of due process, the right to privacy and state law;

e) defendants Hayden and Watters have a policy of monitoring and censoring plaintiffs' telephone calls, in violation of due process and the right to privacy and state law;

f) defendants Hayden and Watters force plaintiffs to work, in violation of due process and state law;

g) defendants Hayden and Watters have a policy that unduly restricts plaintiffs' visitation with friends and family, in violation of due process and state law;

h) defendants Hayden and Watters deny plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

i) defendant Watters has a policy of punishing plaintiffs for exhibiting symptoms of their mental illness and ordinary human behavior, in violation of due process, equal protection and state law;

j) defendants Hayden and Watters authorized a use of excessive force against plaintiff Hendrickson;

k) defendant Watters has a policy of subjecting plaintiffs to restraints and isolation without process, in violation of due process, equal protection and state law,

l) defendant Hayden forces plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law; and

m) defendants Hayden and Watters force plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law.

3. Plaintiffs are responsible for serving their complaint in this case (case no. 07-C-675-C) on defendants Kevin Hayden and Steve Watters. (Because plaintiff Walker appears to have taken the lead in filing the submissions in this case, I am sending him the instructions for serving a complaint on individuals in a federal lawsuit, together with forms that may be used in seeking waiver of service of a summons from the defendants.) Plaintiffs should make arrangements to complete service of process promptly and file proof that service has been accomplished no later than February 28, 2008.

4. The following of plaintiffs' claims are DISMISSED voluntarily without prejudice:

a) defendants Hayden, Watters and Steve Schneider have a policy of conducting random searches of plaintiffs' person, rooms and property, in violation of due process, the right to privacy and state law;

b) defendant Donna Hendrich removed plaintiff Walker's family from his visiting list because family members would not fill out forms, in violation of due process and

9

state law; and

c) defendants Hayden, Watters and Schneider have a policy of charging excessive rates for telephone calls, in violation of equal protection, due process and state law;

5.  Plaintiffs' remaining claims, all of which arise out of their detention at the Wisconsin Resource Center are HEREBY SEVERED pursuant to Fed. R. Civ. P. 20. The case number assigned to the severed action is 08-cv-00018-C. The court understands that in this lawsuit, all of the plaintiffs except Eric Hendrickson are requesting leave to proceed in forma pauperis on the following claims:

a) defendants Kevin Hayden and Bryan Bartow held plaintiffs in prison-like settings, in violation of due process, equal protection, double jeopardy, the separation of powers and state law;

b) defendants Hayden and Bartow forced plaintiffs to waive their right to refuse treatment in exchange for improved conditions, in violation of due process and state law;

c) defendants Hayden and Bartow denied plaintiffs the ability to "progress" through the treatment programs, in violation of due process and state law;

d) defendants Hayden and Bartow inspected and censored plaintiffs' mail, in violation of due process, the right to privacy and state law;

e) defendants Hayden and Bartow monitored and censored plaintiffs'

telephone calls, in violation of due process and the right to privacy and state law;

f) defendants Hayden and Bartow conducted random searches of plaintiffs' person, rooms and property, in violation of due process, the right to privacy and state law;

g) defendants Hayden and Bartow forced plaintiffs to work, in violation of due process and state law;

h) defendants Hayden and Bartow unduly restricted plaintiffs' visitation with friends and family, in violation of due process and state law;

i) defendants Hayden and Bartow denied plaintiffs the ability to seek meaningful employment, in violation of due process and state law;

j) defendants Hayden and Bartow charged excessive rates for telephone calls, in violation of equal protection, due process and state law;

k) defendant Bartow punished plaintiffs for exhibiting symptoms of their mental illness, in violation of due process, equal protection and state law;

l) defendant Bartow subjected plaintiffs to restraints and isolation without process, in violation of due process, equal protection and state law;

m) defendants Hayden and Bartow forced plaintiffs to wear prison clothes, in violation of their rights to free speech, equal protection, due process and state law;

n) defendant Hayden forced plaintiffs to provide a urinalysis, in violation of due process, the right to privacy, equal protection and state law; and

11

o) defendants Hayden and Bartow authorized a use of excessive force against plaintiff Walker.

5. A decision is STAYED whether plaintiffs may proceed in forma pauperis in case no. 08-cv-00018-C until January 31, 2008, by which date plaintiffs Marcellous L. Walker, Daniel Arends, Frederick Pharm, Shermell Tabor, Edwin Jones, Branden Sustman and Joshua Rogers must submit resident trust fund account statements for the period beginning approximately July 1, 2007 and ending approximately January 1, 2008. Any plaintiff who does not submit the required statement by January 31, 2008, or show cause for his failure to do so will be dismissed from case no. 08-cv-00018-C.

Entered this 10th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge