IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS L. WALKER, ERIC HENDRICKSON,
FREDERICK LEE PHARM, SHERMELL TABOR,
EDWIN JONES and BRANDON SUSTMAN,

                                                                        OPINION AND ORDER

                          Plaintiffs,

                                                                 07-C-675-bbc

    v.

KEVIN R. HAYDEN, DHFS Secretary; and
STEVE WATTERS, SRSTC Director,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs are patients at the Sand Ridge Secure Treatment Center who were civilly committed under Wis. Stat. ch. 980 as "sexually violent persons." In their second amended complaint, plaintiffs challenge on both federal and state law grounds various conditions of their confinement. Now before the court is the motion to dismiss filed by defendants Kevin Hayden (Secretary of the Department of Health and Family Services, the agency that oversees the administration of Chapter 980) and Steven Watters (the director of the Sand Ridge facility). Defendants argue that plaintiffs have failed to state a claim upon which relief may be granted with respect to any of their federal claim and they seek dismissal of

1

plaintiffs' remaining state law claims under 28 U.S.C. § 1367(c)(3).

Plaintiffs' opposition to defendants' motion relies almost entirely on cases interpreting Fed. R. Civ. P. 8, in which the court of appeals has emphasized that civil rights claims are not subject to heightened pleading standards. E.g., Thomson v. Washington, 362 F.3d 969 (7th Cir. 2004). Although plaintiffs' observation is true, it is nonresponsive. For the most part, defendants argued not that plaintiffs failed to give adequate notice, but that their claims were *legally* insufficient, meaning that even if everything plaintiffs said was true, they could not prevail on their claims. Id. at 970 ("It is of course true that if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado.")

I agree with defendants that the vast majority of plaintiffs' claims already have been resolved against them by this court, the court of appeals or other district courts in Wisconsin. These include their challenges to defendants' incentive program, Sain v. Wood, 512 F.3d 886, 895-96 (7th Cir. 2008); Hendrickson v. Nelson, No. 05-C-1305, 2006 WL 2334838, *2 (E.D. Wis. Aug. 10, 2006), inspection of the mail and limitations on telephone calls, Hendrickson, 2006 WL 2334838, *3, routine searches of plaintiffs, Riley v. Doyle, No. 06-C-575-C, 2006 WL 2947453, *5 (W.D. Wis. Oct. 16, 2006), the level of pay they receive, id. at *4, placement in restraints during transport, Thielman v. Leean, 282 F.3d 478 (7th Cir. 2002), and the wearing of "prison garb," Laxton v. Watters, 348 F. Supp. 2d 1024

2

(W.D. Wis. 2004). Plaintiffs advance no reason to reexamine any of these rulings. Plaintiffs' claim that they do not have free rein to leave the facility fails for reasons similar to these other claims: plaintiffs' freedom may be restricted to "advance goals such as preventing escape and assuring the safety of others." Allison v. Snyder, 332 F.3d 1076, 1078-79 (7th Cir. 2003).

This leaves only three other federal claims, none of which can survive defendants' motion to dismiss. First is plaintiffs' claim that defendants are denying them a "reasonable opportunity to regain their liberty," Second Am. Cpt., dkt.#15, at ¶30, because the factors defendants use to assess plaintiffs' risk for reoffending are things over which defendants have primary control, such as education and employment. This claim misses the mark because defendants do not decide whether plaintiffs are entitled to release. Under Wis. Stat. § 980.08(4)(c), it is the state circuit court that decides petitions for release, considering factors such as

> the nature and circumstances of the behavior that was the basis of the allegation in the petition under s. 980.02(2)(a), the person's mental history and present mental condition, where the person will live, how the person will support himself or herself, and what arrangements are available to ensure that the person has access to and will participate in necessary treatment, including pharmacological treatment using an antiandrogen or the chemical equivalent of an antiandrogen if the person is a serious child sex offender.

Thus, even if plaintiffs do not have a "meaningful opportunity" to change factors that defendants use to assess risk, plaintiffs cannot state a claim for a denial of due process

3

because defendants' assessment has no effect on plaintiffs' liberty.

Second, plaintiffs allege that defendants "criminally punish" plaintiffs for "1) exhibiting behaviors that are symptomatic or typical of the purported conditions for which they are alleged to suffer and were purportedly committed; 2) the commission of facility rule infractions that do not pose a threat of harm to themselves, others, or the security of institution; 3) exhibiting or displaying normal, socially appropriate human behaviors; and 4) asserting rights to which they claim they are entitled."

Plaintiffs do not provide a clue in their second amended complaint regarding what "behaviors" they are being punished for, meaning that have not provided defendants with even the most basic notice of their claim, in violation of Rule 8. Further, they completely fail to explain how they are being "punished." They allege that supervised release may be revoked for rules infractions, but plaintiffs do not have standing to challenge such a punishment because none of the plaintiffs is on supervised release. (And even if they did have standing, I would agree with defendants that such a challenge would be barred under Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits lawsuits under 42 U.S.C. § 1983 that challenge the validity of a person's confinement.) Plaintiffs have now had three chances to provide defendants with notice of this claim; they are not entitled to another. General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir.1997) ("[W]here the plaintiff has repeatedly failed to remedy the same deficiency, the

4

district court did not abuse its discretion by dismissing the claim with prejudice.")

Finally, plaintiff Eric Hendrickson alleges that "staff . . . jumped on his back, hitting him and choking him" after they discovered tobacco on him during a pat down search. I agree with defendants that plaintiff cannot proceed on this claim because defendants were not personally involved in the use of force. Although Hendrickson alleges that defendants have a "policy . . . of excessive force," he does not allege that there is any connection between that "policy" and the actions of "staff" and I cannot infer reasonably from plaintiffs' allegations that such a connection exists. Because supervisory officials such as defendants cannot be held liable under § 1983 unless they have caused the constitutional violation, Nanda v. Moss, 412 F.3d 836 (7th Cir. 2005), I must conclude that plaintiffs cannot state a claim upon which relief may be granted.

With respect to their claim that defendants have a policy of subjecting them to routine searches, plaintiffs allege that other civilly committed patients are not subjected to the same invasion of privacy. Second Am. Cpt, dkt. #15, ¶¶49, 108. To the extent that plaintiffs intended to assert an equal protection claim on the ground that they are subject to greater restrictions than other civilly committed patients, such a claim is foreclosed by Thielman, 282 F.3d at 485, in which the court concluded that a rational basis exists to believe "that a person with a mental disorder of a sexual nature is qualitatively more dangerous than another mental patient" and that greater security restrictions for Chapter

5

980 patients are necessary.

When all federal claims have been dismissed at an early stage, it is appropriate to decline to exercise supplemental jurisdiction over any remaining state law claims.  Segal v. Geisha NYC LLC , 517 F.3d 501, 506 (7th Cir. 2008) ("Because the district court properly dismissed Segal's sole federal-law claim and nothing bars Segal from pursuing his claims in state court, it was completely appropriate for the court to relinquish its jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3).") Accordingly, I will dismiss plaintiffs' state law claims without prejudice to their refiling them in state court if they so choose.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Kevin Hayden and Steven Watters, dkt. #56, is GRANTED.  Plaintiffs' federal claims are DISMISSED with prejudice. Plaintiffs' state law claims are DISMISSED without prejudice to plaintiffs refiling them in state court.  Plaintiffs' motion to certify a class, dkt. #24, motion for a preliminary injunction, dkt. #25, and motion "to construe plaintiffs' motion for a preliminary injunction as a motion for a preliminary, mandatory, prohibitive and preventative injunction," dkt. #68, are DENIED as moot.  The clerk of court is directed to enter judgment in favor of

defendants and close the case.

Entered this 18th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7